IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81701-TJM |
| | ) | |
| ASHA DISTRIBUTING, INC., | ) | CH. 11 |
| dba ASHA WHOLESALE DISTRIBUTORS, | ) | |
| dba ASHA DISTRIBUTING OF K.C., INC., | ) | Filing No. 10, 37 |
| | ) | |
| Debtor(s). | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK06-81702-TJM |
| | ) | |
| ASHA DISTRIBUTING OF K.C., INC., | ) | CH. 11 |
| dba ASHA WHOLESALE DISTRIBUTORS, | ) | |
| dba ASHA DISTRIBUTING, INC., | ) | Filing No. 10, 38 |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in the above-consolidated matters in Omaha, Nebraska, on November 27, 2006, regarding Filing No. 10, Motion for Relief from Stay, filed by Goodman Manufacturing Company, and Filing No. 37, Objection, filed by Debtor, in Case No. BK06-81701, and Filing No. 10, Motion for Relief from Stay, filed by Goodman Manufacturing Company, and Filing No. 38, Objection, filed by Debtor, in Case No. BK06-81702. James Overcash appeared for the Consolidated Debtors, and Greg Casas appeared for Goodman Manufacturing.

Goodman Manufacturing Company ("Goodman"), a judgment creditor, has filed a motion for relief from the automatic stay requesting permission to proceed in the United States District Court for the Southern District of Texas, at Houston, Texas, to argue post-trial/post-judgment motions filed by both Goodman and the Debtor in the litigation which resulted in the judgment in favor of Goodman. The Debtor, both individually and in its consolidated capacity, has objected.

It is the position of Goodman that, although the United States District Judge in the federal litigation in Texas has entered a "final judgment," both parties have filed motions which, if the court agrees with any of the motions, will result in a change in the judgment amount. Goodman therefore believes it is appropriate to allow that court to complete the matter so that the full claim of Goodman will be liquidated with regard to this bankruptcy proceeding.

The debtor takes the position that Goodman may file a claim in this Chapter 11 bankruptcy which may represent the amount of the "final judgment" and any other amounts Goodman thinks are appropriately added to the judgment for purposes of claims allowance. Then, depending upon a number of factors, the Debtor may or may not object to the claim. If there is no objection to the claim, it will be allowed and there will be no need for further litigation in the Southern District of Texas. On the other hand, if the Debtor objects to the claim, it may then be appropriate to transfer the matter to the Texas court for completion of the post-judgment motions.

In addition to the above, the Debtor suggests that its trial lawyer in the Texas litigation, an unsecured creditor in this bankruptcy case, should not be requested to participate in post-judgment arguments unless funds would be made available from some source to compensate him for his

post-petition legal services.

The motions for relief from the automatic stay are denied. As suggested by the debtor, the issue of the exact amount of the claim can either be resolved by the filing of a claim and the absence of an objection by the Debtor, or by the filing of the claim by Goodman and the filing of an objection by the Debtor. The matter will then be ripe for a decision on whether it needs to be referred to the Texas court.

Underlying this decision to deny the motion for relief from the automatic stay is the fact that the judgment held by Goodman is simply an unsecured claim in the bankruptcy case. The Debtor has proposed a sale of all its assets, and it appears that the value of the sale will be insufficient to pay all of the unsecured claims after first paying the secured claims. If that is the case, it may not matter what the actual claim of Goodman is, whether supported by a judgment or not. Goodman will simply participate in a pro rata distribution of any proceeds over and above payment of the secured claims and administrative claims.

IT IS ORDERED that the motions for relief from stay, Filing No. 10 in Case No. BK06-81701 and Filing No. 10 in Case No. BK06-81702, are denied.

DATED this 4th day of December, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    James Overcash
    *Greg Casas
    U.S. Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.