IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81701 |
| | ) | |
| ASHA DISTRIBUTING, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on May 21, 2007, regarding Filing No. 188, Application to Employ, filed by Luke T. Northwall, and Filing No. 196, Resistance, filed by Laughlin, Peterson & Lang. Jerry Jensen appeared for the U.S. Trustee, James Lang appeared for Laughlin Peterson & Lang, and Robert Ginn appeared for the Official Committee of Unsecured Creditors.

The recently appointed trustee in this Chapter 11 case has moved for the appointment of Robert Ginn to be counsel for the trustee. A creditor, the law firm of Laughlin, Peterson & Lang, has resisted the appointment.

The creditor points out that Mr. Ginn originally represented the largest unsecured creditor in this case, as local counsel. He then represented the Official Committee of Unsecured Creditors. It is now being requested that he be authorized to represent the trustee. In this case the trustee will be involved, on behalf of the estate, in litigation with the largest unsecured creditor, perhaps both in the federal district court in Houston, Texas, and in the claims litigation in this court. It is the position of the resisting creditor that there is no question the trustee will be required to take an adverse position concerning the claim of the largest unsecured creditor. If so, Mr. Ginn will have an actual conflict of interest.

The Bankruptcy Code at 11 U.S.C. § 327(a) permits the trustee to employ an attorney that does not hold or represent an interest adverse to the estate, and that is a disinterested person, to represent the trustee in carrying out the trustee's duties. Section 327(c) does not disqualify an attorney simply because of his prior representation of a creditor unless there is an objection. In that case, the statutory provision requires disapproval of such employment if there is an actual conflict of interest.

I believe there is an actual conflict of interest. The trustee must receive unbiased advice concerning the claim of Mr. Ginn's former client. The interests of the Chapter 11 estate, other than that of the largest unsecured creditor, are adverse to the interest of the creditor. Mr. Ginn may not represent a client that will most likely take a position adverse to his former client.

IT IS ORDERED that the application to employ Mr. Ginn as counsel for the trustee (Fil. #188) is denied.

DATED this 6th day of June, 2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Luke T. Northwall
    James Lang
    Robert Ginn
    Jerry Jensen

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.