IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81701 |
| | ) | |
| ASHA DISTRIBUTING, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

  Hearing was held in Omaha, Nebraska on July 30, 2007, regarding Filing No. 191, Final Application for Compensation for Blackwell Sanders Peper Martin. James Overcash appeared for the debtor; Robert Peterson appeared for Laughlin, Peterson & Lang and Tracy J. Smith; Robert Ginn appeared for the Official Committee of Unsecured Creditors; and Jerry Jensen appeared for the United States Trustee.

  Robert Ginn, counsel to the Unsecured Creditors Committee prior to the appointment of a trustee in this Chapter 11 case, has filed a final fee application. Originally, he requested $320 per hour for his services, but, after objection by creditor Tracy Smith and consultation with the Office of the United States Trustee, he has reduced his hourly rate to $295.

  Notwithstanding the reduction, counsel for Tracy Smith still objects to the hourly rate as being excessive in comparison to all of the other attorneys involved in the case and objects to the services rendered by Mr. Ginn and members of his firm as being unnecessary and of no benefit to the estate.

  It is true that Mr. Ginn's modified hourly rate, $295, is significantly higher than any other attorney involved in the case. However, the standard is not necessarily what other law firms charge, but what Mr. Ginn and his firm and others in the area ordinarily charge in and outside of the bankruptcy system. Mr. Ginn made a professional statement that his hourly rate, set by the firm, is $320 per hour. He, on behalf of his firm, has negotiated with the United States Trustee and has voluntarily agreed to reduce the hourly rate in this case to $295. Under the circumstances, I do not believe his hourly rate, as modified, is unreasonable, and the objection to the rate is therefore denied.

  Mr. Smith suggests that much of the work done by Mr. Ginn and his firm was unnecessary and of no benefit to the estate. Much of the work was directed the sale of assets and at preparing a proposed plan of reorganization or liquidation. Those services were legitimate and were intended to benefit the estate by providing an orderly liquidation of the assets by an organized distribution of the funds available after the sale of all or most of the hard assets of the business. In addition, some of the legal services involved a review of records to determine if there was any basis for bringing a fraudulent transfer action or a preference action against one or more pre-petition creditors, including Mr. Smith. Mr. Smith suggests that was not necessary because he was exonerated in the federal court action in Texas from any obligation to the Goodman Company. However, the pre-petition litigation in Texas did not have anything to do with fraudulent transfers or preferences and it is a legitimate function of counsel for a creditors committee to attempt to determine whether there are any causes of action available to the estate.

  Mr. Smith does point out that the fee application lists numerous hours spent marking documents with the "Bates" numbering and indexing system. He suggests that time spent marking documents should be included in overhead and not separately charged for as a professional

service. I agree. During April, an employee of the firm named Vickie Spring, not identified as a professional on the first page of the application, spent twenty-five hours at $105 per hour for a total of $2,625 "Bates stamping." In addition, during April of 2007, a person identified as a professional, Lindsay Edwards, spent 9.7 hours at $170 per hour, for a total of $1,649, "Bates stamping." The total fees requested for the services of those two persons solely for "Bates stamping" is $4,274. That amount is disallowed and will be deducted from the total requested.

Pursuant to 11 U.S.C. § 330(a)(3), when determining the amount of reasonable compensation to be awarded a professional person,

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

After consideration of all of the factors included in 11 U.S.C. § 330(a)(3), I find that the modified fee application summarized in Filing No. 216 should be allowed, less $4,274 for "Bates stamping."

THEREFORE, IT IS ORDERED that the Final Application for Compensation, Filing No. 191, is allowed in the amount of $88,786.50. Expenses are allowed in the amount of $4,030.95. The total is $92,817.45. The applicant also requests approval of $24,475.27 in fees and expenses previously requested per the order approving the fee procedure, filing 59. However, there is no record of the time involved or services rendered with regard to the request. That portion of the fee request is denied without prejudice.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    James Overcash
    Robert Peterson
    *Robert Ginn
    Jerry Jensen

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.